UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey Rodgers,

    Plaintiff,

v.

APEX Roofing, LLC, et al.,

    Defendants.

Case No. 1:21-cv-00064

Judge Michael R. Barrett

## **ORDER**

This matter is before the Court on the Combined Motion of Plaintiff Jeffrey Rodgers to Compel, for Continuance and for Sanctions. (Doc. 36). Defendants[1] Apex Roofing, LLC, Sharp Paintworx, Inc., Diane Gabbard, and Landon Barnard filed a Response in Opposition (Doc. 43), and Plaintiff filed a Reply (Doc. 44). Defendants also filed a Motion to Quash Subpoenas issued to a non-party accounting professional and four separate financial institutions. (Doc. 37).

Pursuant to Federal Rule of Civil Procedure 37, Plaintiff requests that the Court compel Defendants to produce certain insurance documentation and financial records. (Doc. 38). Starting with Plaintiff's request for Defendants' insurance documentation for coverage for the year 2019, it appears that some Defendants and Third-Party Defendants may have had insurance coverage for that period, some Defendants and Third-Party Defendants may not have had insurance coverage for that period, and, possibly, some insurance coverage was denied during that period. *Compare* (Doc. 36 PageID 339-45),

---

[1] Third-Party Defendants FC Roofing, LLC, Hugo Figueroa, Felix Gervacio, and Gervacio Remodelation LLC are not the subject of Plaintiff's current motion.

*and* (Doc. 44 PageID 604 n.2, 607), *with* (Doc. 43 PageID 591, 596-97). Plaintiff is entitled to know what insurance, if any, Defendants had in place during the year 2019. If Defendants "do not have any additional documents related to insurance coverage, other than those they have already provided to Plaintiff," (*id.* PageID 591), then the Court sees no reason why Defendants cannot enter into a stipulation or provide an affidavit as to the existence of insurance coverage or lack thereof.

Turning to the requested financial and tax information, Plaintiff requests that the Court compel Defendants to produce their financial statements, bank account statements, and tax documents from 2017 to 2020. (Doc. 36 PageID 339, 345-46). Plaintiff asserts that this information is relevant as Plaintiff seeks to determine the financial interactions between the individual defendants and the corporate defendants. (*Id.*) The requested financial and tax information is relevant as to the issue of individual liability versus corporate liability for potential damages purposes and possibly for punitive damages, if the Court later determines that any such damages are appropriate. However, the Court will only compel Defendants to produce their financial statements, bank account statements, and tax documents for the period from 2018 to 2020. On this note, and with respect to Defendants' Motion to Quash, the Court will order that the third-party subpoenas are quashed while Defendants complete the production of their financial and tax information and that production is reviewed for completeness.

With respect to Plaintiff's Motion for a Continuance, the compilation of Defendants' financial and tax information for the period from 2018 to 2020 necessitates a continuance of the November 29, 2021 trial date. The Court will reschedule the trial date at a later

time. Finally, Plaintiff is not entitled to sanctions based on Defendants' actions related to the discovery at this time.

In light of the foregoing, it is hereby **ORDERED** that the Combined Motion of Plaintiff Jeffrey Rodgers to Compel, for Continuance and for Sanctions (Doc. 36) is **GRANTED in part and DENIED** in part, as discussed above; Defendants' Motion to Quash Subpoenas (Doc. 37) is **GRANTED**; and the Final Pretrial Conference set for 11/17/2021 and Bench Trial set for 11/29/2021 are **VACATED**.

**IT IS SO ORDERED.**

                                              _/s Michael R. Barrett_____
                                              Michael R. Barrett, Judge
                                              United States District Court